IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRA GROUP CORPORATION<br>P.O. Box 8839<br>Allentown, PA  18105,<br><br>       PLAINTIFF,<br><br>V.<br><br>THEODORE A. KUEPPER<br>#514, 3600 S. Harbor Blvd.<br>Oxnard, CA  93035<br><br>and<br><br>ROBERT C. LOVO<br>5580 La Cumbre Road<br>Somis, CA  93066,<br><br>       DEFENDANTS. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Terra Group Corporation, for its complaint, states as follows:

## NATURE OF THE ACTION

1.       Through this action, Plaintiff Terra Group Corporation (hereinafter "Terra Group" or "Plaintiff") seeks a declaratory judgment that it does not infringe any valid statutory or common law trademark rights of Defendants Theodore A. Kuepper and Robert C. Lovo ("Defendants").

2.       Terra Group also seeks to cancel Defendants' federally registered trademark (U.S. Trademark Supplemental Registration No. 4,235,550) because Defendants did not use the mark in ordinary commerce when they filed their use-based trademark application with the United States Patent and Trademark Office ("PTO") or abandoned their trademark rights in, or never used, their registered mark.

**PARTIES**

3. Terra Group is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at P. O. Box 8839, Allentown, Pennsylvania 18105. Terra Group does business throughout the United States and in this District.

4. Terra Group designs, makes, promotes and sells **TECWAR**® water purification and wastewater treatment systems that are used for military field operations, to make potable and utility water in first response/emergency and disaster relief situations and for CBRN (Chemical, Biological, Radiological, and Nuclear) decontamination runoff treatment in the event of an unconventional terrorist attack.

5. Defendants Theodore A. Kuepper and Robert C. Lovo are U.S. citizens residing at #514, 3600 S. Harbor Blvd., Oxnard, California 93035 and 5580 La Cumbre Road, Somis, California 93066, respectively.

6. Upon information and belief, Defendant Theodore A. Kuepper is a self-employed environmental engineer and consultant.

7. Upon information and belief, Defendant Robert C. Lovo is a senior engineer employed by a third party Pacific Research Group, which is not a party to this action.

8. Defendant Theodore A. Kuepper and Defendant Robert C. Lovo claim to jointly own purported trademark "First Response Water Purifier" as identified by U.S. Supplemental Trademark Registration No. 4,235,550.

9. Defendants sought to register the purported trademark "First Response Water Purifier" with the PTO and obtained registration of this phrase on the <u>Supplemental</u> Register, Registration No. 4,235,550, for "Waste water purification units; Water purification and filtration apparatus; Water purification machines; Water purification units; Water purification,

sedimentation and filtration apparatus for clarification, thickening and filtration of water, waste water and industrial water."

10. Upon information and belief, Defendants are engaged in business in interstate commerce and within this District.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the claims that relate to the Lanham act under 15 U.S.C. § 1119, 15 U.S.C. § 1064, 28 U.S.C. § 1338 and 28 U.S.C. § 1331. This Court has the authority to issue a declaratory judgment under 28 U.S.C. §§2201 and 2202.

12. Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims at issue in this action occurred, or a substantial part of property that is the subject of this action is situated in this District.

## FACTS AND BACKGROUND OF THE DISPUTE

### Terra Group's Business, Product at Issue and its Mark

13. Founded in 1997 in Allentown, PA and is now based in the Bridgeworks Industrial Center, Terra Group makes, promotes and sells water purification and wastewater treatment systems that are used for military field operations and in emergency and disaster relief situations, including by first responders.

14. Terra Group is in the middle of a multi-year, multi-million contract to provide Lightweight Water Purification Systems (LWPS) to the Marines and U.S. Navy. These portable-tactical emergency water systems allow forward units to purify water from just about any source, such as a lake, stream, river or ocean and are capable of removing chemical, biological and nuclear contaminants.

15. Terra Group promotes and sells and has promoted and sold its products under its house mark, TECWAR, since at least as early as July 1999.

16. Terra Group owns U.S. Trademark Registration No. 2,596,077, TECWAR, for "water purifying units for commercial, domestic, and industrial use." This registration has achieved an incontestable status and was recently renewed.

17. Terra Group has been designing and offering for sale water purification and wastewater treatment systems (in short "water purifiers") under the trademark *TECWAR First Response Water Purifier*.

18. Terra Group owns pending U.S. Trademark Application Serial No. 86/527,103, TECWAR FIRST RESPONSE WATER PURIFIER, for "water purification and wastewater treatment systems used for military field operations; potable and utility water in emergencies and/or disaster relief situations; water purifying units for producing potable and non-potable water, modular transportable water treatment installations for reverse osmosis water purification and desalination for civic applications, military deployments and disaster relief; water filtration and decontamination elements for removal of solids, biohazards and nuclear radiation hazards; associated water collection intakes, internal combustion and electrically powered water pumps, water storage tanks and bladders, water distribution hoses, pipes and couplings."

19. Terra Group uses and has used its *TECWAR First Response Water Purifier* mark as follows:



An example of Terra Group's advertising depicting its *TECWAR First Response Water Purifier* mark attached as Exhibit "A."  The phrase "First Response Water Purifier" is shown as a descriptive tagline.

## Defendants' Infringement Claims

20. On or about July 22, 2015, Defendant Kuepper, through their attorney, wrote to Terra Group, claiming that Terra Group's use of its *TECWAR First Response Water Purifier* mark purportedly infringes upon Defendants' rights in their "federally protected" trademark FIRST RESPONSE WATER PURIFIER, Supplemental Registration No. 4,235,550.  A copy of the July 22, 2015, letter, enclosing Defendants' Supplemental Trademark Registration is attached as Exhibit "B."

21. The PTO examining attorney previously refused registration of Defendants' mark on the Principal Register in the Office Action dated August 29, 2012.  Attached as Exhibit "C" is a copy of the Office Action.

22. During Defendants' prosecution of their purported mark FIRST RESPONSE WATER PURIFIER, the PTO Examiner stated on the record:

> *The wording "FIRST RESPONSE" means the first to arrive at an emergency situation…. Furthermore, [Defendants'] goods are 'Waste water purification units; Water purification and filtration apparatus; Water purification machines; Water purification units; Water purification, sedimentation and filtration apparatus for clarification, thickening and filtration of water, waste water and industrial water.'*
>
> *[Defendants'] proposed mark "FIRST RESPONSE WATER PURIFIER" <u>merely describes the intended purpose and the type of goods being offered by the applicant</u>, i.e. the applicant is providing water purification units to be used by personnel immediately after an emergency situation.  Therefore, the mark describes the applicant's goods and is refused registration under Trademark Act Section 2(e)(1)."*  (emphasis added)

23.     Defendants acceded that their purported mark FIRST RESPONSE WATER PURIFIER is descriptive, by agreeing to register the phrase on the Supplemental Register and disclaiming the term "water purifier."

24.     Registration on the Supplemental Register does not carry exclusive rights and does not afford many of the presumptions and benefits provided by the Principal Register (e.g., a presumption that the registered matter is a valid and enforceable trademark).

25.     The descriptive phrase "First Response Water Purifier" ("Defendants' Purported Mark") is not subject to appropriation and cannot and does not, without more, function as a unique source identifier (trademark).

26.     There are many third parties who use the terms "FIRST RESPONSE" or "FIRST RESPONDER" in connection with water purifiers or similar goods and services.  Thus, absent any additional distinctive term or element, the phrase "First Response Water Purifier" (and its constituent terms) is not a valid trademark for water purifiers, capable of appropriation by Defendants or any other persons.

27.     Upon information and belief, Defendants have made no substantial use of their Purported Mark in commerce, and thus Defendants' Purported Mark has not acquired distinctiveness or secondary meaning.

28.     The specimen submitted by Defendants to the PTO (Pacific Research Group's Operator's Manual) does not demonstrate that the Purported Mark has been in use in U.S. commerce as the term defined by the Lanham Act.  Attached as Exhibit "D" is a copy of the purported specimen submitted by Defendants to the PTO.

# First Response Water Purifier

## Operator's Manual



**Pacific Research Group**
5580 La Cumbre Road
Somis, California 93066 USA

Phone: 805 985 3057
Email: tke@isle.net

2012

29. Defendants' July 22, 2015 letter directed to Terra Group threatened to pursue legal recourse against Terra Group if Terra Group did not cease alleged infringement of Defendants' Purported Mark.

## COUNT I

### Declaratory Judgment of Non-Infringement

30. Terra Group repeats and re-alleges the foregoing paragraphs as though set forth fully herein.

31. Defendants' accusations of infringement, imposition of arbitrary deadlines, and specific threats of legal action, have placed Terra Group in reasonable apprehension of imminent suit and give rise to an actual and concrete controversy between the parties as to whether Terra Group's *TECWAR First Response Water Purifier* mark infringes Defendants' Purported Mark or any other mark in which Defendants purport to have rights.

32. Accordingly, Terra Group seeks a declaratory judgment that Terra Group's use of *TECWAR First Response Water Purifier* does not infringe any valid statutory or common law rights Defendants may have in Defendants' Purported Mark or any other mark in which Defendants purport to have rights.

33. Terra Group's *TECWAR First Response Water Purifier* mark does not (or at least is not likely to) cause confusion with Defendants' Purported Mark, nor does it dilute Defendants' Purported Mark.

34. In addition to not infringing Defendants' Purported Mark, Terra Group does not infringe any statutory or common law rights Defendants may possess in Defendants' Purported Mark.

35. Terra Group is, therefore, entitled to a declaratory judgment that it does not infringe any valid statutory or common law trademark rights of Defendants.

## COUNT II

### Cancellation of Trademark Registration - - 15 U.S.C. § 1119

36.     Terra Group repeats and re-alleges the foregoing paragraphs as though set forth fully herein.

37.     Defendants' Trademark Registration No. 4,235,550 should be cancelled because, upon information and belief, Defendants' Purported Mark was not in use at the time of filing of Defendants' application on or about May 5, 2012 and its registration, as required by the Lanham Act.

38.     Defendants' representations to the PTO that Defendants' Purported Mark was in use, upon information and belief, were knowingly false, with the intention to mislead the PTO, and render Supplemental Registration No. 4,235,550 void.

39.     Terra Group is likely to be damaged by the continuing registration of Defendants' Purported Mark in the Registration at issue because continued registration of Defendants' Purported Mark may interfere with current and future descriptive use by Terra Group of the terms contained in the mark and entire phrase "First Response Water Purifier" and will improperly permit Defendants to assert rights in this phrase or its elements.

40.     The potential of damage to Terra Group from continued registration of Defendants' Purported Mark is significant as Defendants have threatened to sue Terra Group based on Defendants' Supplemental Registration No. 4,235,550.

41.     Additionally, upon information and belief, to the extent Defendants ever possessed rights in Trademark Registration No. 4,235,550, those rights were abandoned by Defendants.

42.     Upon information and belief, Defendants have never used Defendants' Purported Mark, as registered, in commerce.  Thus, the registered Defendants' Purported Mark has not been used by or was abandoned by Defendants.

43.     Accordingly, the Court should enter an Order directing the PTO to cancel Trademark Registration No. 4,235,550.

## PRAYER FOR RELIEF

WHEREFORE, Terra Group respectfully requests that this Court grant the following relief:

1.      A declaratory judgment that Terra Group's use of the *TECWAR First Response Water Purifier* mark does not infringe any statutory or common law rights of Defendants;

2.      That the Court issue an Order directing the United States Patent and Trademark Office to cancel Trademark Registration No. 4,235,550;

3.      That the Court assess the costs of this action and Terra Group's attorneys' fees against Defendants allowable by U.S. and applicable state law; and

4.      Any and all such other relief that the Court may deem just and proper.

Respectfully submitted,

DUANE MORRIS LLP

BY: /s/ Patrick J. Kearney
Stephan P. Gribok (Pa. No. 32173)
Patrick J. Kearney (Pa. No. 91046)
Maxim A. Voltchenko (Pa. No. 201274)
DUANE MORRIS LLP
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA 19103
Phone (215) 979-1000
Fax (215) 979-1020

**DEMAND FOR JURY TRIAL**

    Terra Group hereby demands a jury trial on all issues and claims for relief that are so triable.

DUANE MORRIS LLP

/s/ Patrick J. Kearney
Stephan P. Gribok (Pa. No. 32173)
Patrick J. Kearney (Pa. No. 91046)
Maxim A. Voltchenko (Pa. No. 201274)
DUANE MORRIS LLP
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA 19103
Phone (215) 979-1000
Fax (215) 979-1020

Dated: August 13, 2015

DM2\6053119.1